Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Lisa Pancia**, an Arizona resident; and **David Beauchesene**, an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**Black Canyon Ranch, LLC**, an Arizona company; and **Michael Yamin**, a California resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs Lisa Pancia and David Beauchesene ("**Plaintiffs**"), for their Verified Complaint against Defendants Black Canyon Ranch, LLC (**"Black Canyon"**); and Michael Yamin, hereby allege as follows:

### NATURE OF THE CASE

1.      Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

2.    This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5.    Plaintiffs' state law claim is sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' claims under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

6.    Plaintiffs were employed by Defendants in this District.

## PARTIES

7.    At all relevant times to the matters alleged herein, Plaintiff Lisa Pancia resided in the District of Arizona.

8.    At all relevant times to the matters alleged herein, Plaintiff David Beauchesene resided in the District of Arizona.

9.    Plaintiff Lisa Pancia was a full-time employee of Defendants from on or around January 1, 2022, until present ("**all relevant times**").

10.    Plaintiff David Beauchesene was a full-time employee of Defendants from on or around January 1, 2022, until present.

11.     At all relevant times to the matters alleged herein, Plaintiff Lisa Pancia was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12.     At all relevant times to the matters alleged herein, Plaintiff David Beauchesene was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

13.     At all relevant times to the matters alleged herein, Plaintiff Lisa Pancia was an employee of Defendants as defined by A.R.S. § 23-362(A).

14.     At all relevant times to the matters alleged herein, Plaintiff David Beauchesene was an employee of Defendants as defined by A.R.S. § 23-362(A).

15.     Defendant Black Canyon is a company authorized to do business in Arizona.

16.     At all relevant times to the matters alleged herein, Defendant Black Canyon was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

17.     At all relevant times to the matters alleged herein, Defendant Black Canyon was Plaintiffs' employer as defined by A.R.S. § 23-362(B).

18.     Defendant Michael Yamin is a California resident.

19.     Defendant Michael Yamin has directly caused events to take place giving rise to this action.

20.     Defendant Michael Yamin is a member of Black Canyon.

21.     Defendant Michael Yamin is an owner of Black Canyon.

22.     Defendant Michael Yamin is an employer at Black Canyon.

23.     Defendant Michael Yamin has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

24.     Defendant Michael Yamin has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

25. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Michael Yamin is an employer.

26. Defendant Michael Yamin supervised and controlled the conditions of Plaintiffs' employment.

27. Defendant Michael Yamin would call the office to check up on business operations and Plaintiffs.

28. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Michael Yamin is subject to individual and personal liability under the FLSA.

29. Plaintiffs further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

30. Defendants, and each of them, are sued in both their individual and corporate capacities.

31. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

32. Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

33. At all relevant times, Plaintiff Lisa Pancia, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff David Beauchesene, in his work for

Defendants, was engaged in commerce or the production of goods for commerce.

35.     At all relevant times, Plaintiff Lisa Pancia, in her work for Defendants, was engaged in interstate commerce.

36.     At all relevant times, Plaintiff David Beauchesene, in his work for Defendants, was engaged in interstate commerce.

37.     Plaintiff Lisa Pancia, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

38.     Plaintiff David Beauchesene, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

39.     Plaintiff Lisa Pancia would use the telephone and Internet to communicate while working.

40.     Under the FLSA, Plaintiff Lisa Pancia is a covered employee under individual coverage.

41.     Under the FLSA, Plaintiff David Beauchesene is a covered employee under individual coverage.

42.     Under the FLSA, Plaintiff Lisa Pancia is a covered employee under enterprise coverage.

43.     Under the FLSA, Plaintiff David Beauchesene is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

44.     The entity Defendant is an RV trailer park.

45.     On or around January 1, 2022, Plaintiff Lisa Pancia commenced employment with Defendants as a camp host.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

46.     On or around January 1, 2022, Plaintiff David Beauchesene commenced employment with Defendants as a camp host.

47.     On or around June 19, 2022, Plaintiff Lisa Pancia was promoted to assistant manager.

48.     On or around June 19, 2022, Plaintiff David Beauchesene was promoted to assistant manager.

49.     Plaintiff Lisa Pancia's primary job duties included answering phones and emails, taking reservations, and invoicing.

50.     Plaintiff David Beauchesene's primary job duties included opening the pool and park maintenance and upkeep.

51.     From on or around January 1, 2022, until on or around June 19, 2022, Plaintiffs did not receive any wages for the work they performed.

52.     Instead of Plaintiffs receiving an hourly wage, they were given a campsite.

53.     From on or around June 19, 2022, until present Plaintiff Lisa Pancia was paid an hourly rate of $14.00 an hour.

54.     From on or around June 19, 2022, until present Plaintiff David Beauchesene was paid an hourly rate of $14.00 an hour.

55.     Plaintiffs were required to be on call Wednesday nights from 5pm until Thursday at 9 am; Thursday nights at 5pm until Friday at 9 am; and Friday nights until Sunday at 9 am.

56.     Plaintiff were not paid regular wages or overtime wages for their on-call hours.

57.     When one Plaintiff worked overtime hours, it went on the other Plaintiff's

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

paycheck or carried over to the next work to avoid going into overtime.

58.     Plaintiff Lisa Pancia was a non-exempt employee.

59.     Plaintiff David Beauchesene was a non-exempt employee.

60.     Plaintiffs were on call because they lived at the RV park.

61.     Plaintiffs did not have an opportunity for profit or loss based on their work for Defendants.

62.     Defendants provided a campsite to Plaintiffs.

63.     Plaintiffs were told that if they did not work for Defendants, they could not live at the campsite.

64.     Plaintiffs had to give up their car detailing business to work for Defendants.

65.     Plaintiffs' campsite benefitted Defendants.

66.     Plaintiffs' campsite did not primarily benefit them.

67.     Defendants did not maintain accurate records of the costs incurred in with the campsite.

68.     Plaintiffs did not receive regular invoices or deductions on their paystubs for the campsite.

69.     Plaintiffs were required to be on-call at the property location.

70.     If there was a problem during their on-call hours, Plaintiffs were required to leave their trailer and work.  This benefitted Defendants for having them live at the campsite.

71.     Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

72.     Plaintiffs were paid well below minimum wage for the hours they worked.

73.     Plaintiffs received $0.00 from January 1, 2022, until on or around June 19,

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

2022.

74.     Therefore, because they received $0.00 for hours worked, an FLSA and AMWS violation has occurred.

75.     Defendants failed to properly compensate Plaintiffs for all their overtime and regular hours.

76.     Plaintiffs worked in excess of 40 hours per week.

77.     Plaintiffs were not provided with the required one and one-half times pay premium as required by the FLSA for all their worked overtime hours.

78.     For example, during the work week of August 8, 2022, Plaintiff Lisa Pancia estimates that she worked 42.25 hours.

79.     For example, during the work week of August 1, 2022, Plaintiff David Beauchesene estimates that he worked 44 hours.

80.     Defendants were aware that Plaintiffs' working hours exceeded 40 hours.

81.     Defendants required them to work overtime as a condition of their employment.

82.     Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due on their next paycheck.

83.     Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

84.     Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

85.     Plaintiffs incorporate by reference all of the above allegations as though fully

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

set forth herein.

86.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

87.     Plaintiffs were employees entitled to the statutorily mandated minimum wage.

88.     Defendants have intentionally failed and/or refused to pay Plaintiffs' minimum wage according to the provisions of the FLSA.

89.     As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

90.     In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

91.     Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

92.     Defendants knew Plaintiffs were not being compensated full minimum wages for time worked.

93.     Defendants knew their failure to pay minimum wage was a violation of the FLSA.

94.     Defendants have not made a good faith effort to comply with the FLSA.

95.     Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

96.     Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

97.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

98.     Defendants intentionally failed and/or refused to pay Plaintiffs' full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

99.     In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

100.    Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

### COUNT III
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

101.    Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

102.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

103.    Plaintiffs are employees entitled to the statutorily mandated overtime wages.

104.    Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime wages according to the provisions of the FLSA.

105.    As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

106.    In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29

U.S.C. § 216(b).

107.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

108.    Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

109.    Defendants knew their failure to pay overtime wages was a violation of the FLSA.

110.    Defendants have not made a good faith effort to comply with the FLSA.

111.    Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## <u>CONCLUSION AND PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray:

A.    For the Court to declare and find that the Defendants committed the following acts:

i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii.    violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv.    willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v.    violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

failing to pay overtime;

vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B.     For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C.     For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F.     Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 28, 2022.


**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**<u>VERIFICATION</u>**

Plaintiffs Lisa Pancia and David Beauchesene declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Lisa Pancia


_____
David Beauchesene

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**VERIFICATION**

Plaintiffs Lisa Pancia and David Beauchesene declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Lisa Pancia


_____
David Beauchesene